1

The Honorable James L. Robart

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

ALONZO PRICE-HOLT,

9

Plaintiff,

No.    2:17-CV-01357-JLR

10

vs.

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER



11

ZSOLT DORNAY, JESSE THOMAS, THE
SEATTLE POLICE DEPARTMENT, THE
CITY OF SEATTLE AND CHIEF
KATHLEEN O'TOOLE,

12

13

14

Defendants.

15

16

## 1. PURPOSES AND LIMITATIONS

17

Discovery in this action is likely to involve production of confidential, proprietary, or private

18

information for which special protection may be warranted. Accordingly, the parties hereby stipulate

19

to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge

20

that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all

21

disclosures or responses to discovery, the protection it affords from public disclosure and use extends

22

only to the limited information or items that are entitled to confidential treatment under the

23

~~PROPOSED~~ STIPULATED ORDER (2:17-CV-01357-JLR) – Page 1

1   applicable legal principles, and it does not presumptively entitle parties to file confidential
2   information under seal.

3       2.  "CONFIDENTIAL" MATERIAL

4       "Confidential" material shall include the following documents and tangible things produced or
5   otherwise exchanged: (1) police personnel files in whole or in part; (2) unsustained police internal
6   investigations and disciplinary files; (3) unsustained complaints of police misconduct (4) non-public tactical
7   policies and procedures and training protocols; (5) medical, psychological, and financial records; and (6)
8   records that could implicate the privacy rights of the plaintiff or third parties, including, but not limited to,
9   personal identifying information ("PII") such as date(s) of birth, social security number(s), personal home
10  address(es), phone number(s), and e-mail addresses; driver's license or state identification number(s);
11  personal financial information; passport information; immigration status; and criminal history and/or criminal
12  record number(s); and other unspecified PII.

13      3.  SCOPE

14      The protections conferred by this agreement cover not only confidential material (as defined
15  above), but also (1) any information copied or extracted from confidential material; (2) all copies,
16  excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations,
17  or presentations by parties or their counsel that might reveal confidential material.

18      However, the protections conferred by this agreement do not cover information that is in the
19  public domain or becomes part of the public domain through trial or otherwise.

20      4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

21      4.1 Basic Principles. A receiving party may use confidential material that is disclosed or
22  produced by another party or by a non-party in connection with this case only for prosecuting,
23  defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

PROPOSED STIPULATED ORDER (2:17-CV-01357-JLR) – Page 2

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1  categories of persons and under the conditions described in this agreement. Confidential material

2  must be stored and maintained by a receiving party at a location and in a secure manner that ensures

3  that access is limited to the persons authorized under this agreement.

4      4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

5  court or permitted in writing by the designating party, a receiving party may disclose any confidential

6  material only to:

7          (a) the receiving party's counsel of record in this action, as well as employees of counsel to

8  whom it is reasonably necessary to disclose the information for this litigation;

9          (b) the officers, directors, and employees (including in house counsel) of the receiving party

10  to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a

11  particular document or material produced is for Attorney's Eyes Only and is so designated;

12          (c) experts and consultants to whom disclosure is reasonably necessary for this litigation and

13  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14          (d) the court, court personnel, and court reporters and their staff;

15          (e) copy or imaging services retained by counsel to assist in the duplication of confidential

16  material, provided that counsel for the party retaining the copy or imaging service instructs the

17  service not to disclose any confidential material to third parties and to immediately return all

18  originals and copies of any confidential material;

19          (f) during their depositions, witnesses in the action to whom disclosure is reasonably

20  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

21  unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed

22  deposition testimony or exhibits to depositions that reveal confidential material must be separately

23

PROPOSED STIPULATED ORDER (2:17-CV-01357-JLR) – Page 3

Peter S. Holmes
Seattle City Attorney
701 5ᵗʰ Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1 │ bound by the court reporter and may not be disclosed to anyone except as permitted under this

2 │ agreement;

3 │     (g) the author or recipient of a document containing the information or a custodian or other

4 │ person who otherwise possessed or knew the information.

5 │     4.3 <u>Filing Confidential Material.</u> Before filing confidential material or discussing or

6 │ referencing such material in court filings, the filing party shall confer with the designating party to

7 │ determine whether the designating party will remove the confidential designation, whether the

8 │ document can be redacted, or whether a motion to seal or stipulation and proposed order is

9 │ warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

10 │ that will be applied when a party seeks permission from the court to file material under seal.

11 │     5.  <u>DESIGNATING PROTECTED MATERIAL</u>

12 │     5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-

13 │ party that designates information or items for protection under this agreement must take care to limit

14 │ any such designation to specific material that qualifies under the appropriate standards. The

15 │ designating party must designate for protection only those parts of material, documents, items, or

16 │ oral or written communications that qualify, so that other portions of the material, documents, items,

17 │ or communications for which protection is not warranted are not swept unjustifiably within the ambit

18 │ of this agreement.

19 │     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

20 │ to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

21 │ encumber or delay the case development process or to impose unnecessary expenses and burdens on

22 │ other parties) expose the designating party to sanctions.

23 │

PROPOSED STIPULATED ORDER (2:17-CV-01357-JLR) – Page 4

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1    If it comes to a designating party's attention that information or items that it designated for

2  protection do not qualify for protection, the designating party must promptly notify all other parties

3  that it is withdrawing the mistaken designation.

4    5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement

5  (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure

6  or discovery material that qualifies for protection under this agreement must be clearly so designated

7  before or when the material is disclosed or produced.

8    (a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition

9  exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the

10  designating party must affix the word "CONFIDENTIAL" to each page that contains confidential

11  material. If only a portion or portions of the material on a page qualifies for protection, the producing

12  party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the

13  margins).

14    (b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any

15  participating non-parties must identify on the record, during the deposition or other pretrial

16  proceeding, all protected testimony, without prejudice to their right to so designate other testimony

17  after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

18  transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

19  exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at

20  trial, the issue should be addressed during the pre-trial conference.

21    (c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior

22  of the container or containers in which the information or item is stored the word

23

PROPOSED STIPULATED ORDER (2:17-CV-01357-JLR) – Page 5

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the

2  producing party, to the extent practicable, shall identify the protected portion(s).

3     5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate

4  qualified information or items does not, standing alone, waive the designating party's right to secure

5  protection under this agreement for such material. Upon timely correction of a designation, the

6  receiving party must make reasonable efforts to ensure that the material is treated in accordance with

7  the provisions of this agreement.

8     6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9     6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

10  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

11  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

12  or a significant disruption or delay of the litigation, a party does not waive its right to challenge a

13  confidentiality designation by electing not to mount a challenge promptly after the original

14  designation is disclosed.

15     6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding

16  confidential designations without court involvement. Any motion regarding confidential

17  designations or for a protective order must include a certification, in the motion or in a declaration

18  or affidavit, that the movant has engaged in a good faith meet and confer conference with other

19  affected parties in an effort to resolve the dispute without court action. The certification must list the

20  date, manner, and participants to the conference. A good faith effort to confer requires a face to-face

21  meeting or a telephone conference.

22     6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention,

23  the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7

PROPOSED STIPULATED ORDER (2:17-CV-01357-JLR) – Page 6

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1  (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such

2  motion shall be on the designating party. Frivolous challenges, and those made for an improper

3  purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose

4  the challenging party to sanctions. All parties shall continue to maintain the material in question as

5  confidential until the court rules on the challenge.

6  7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

7  LITIGATION

8  If a party is served with a subpoena or a court order issued in other litigation that compels

9  disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

10  must:

11  (a) promptly notify the designating party in writing and include a copy of the subpoena or

12  court order;

13  (b) promptly notify in writing the party who caused the subpoena or order to issue in the

14  other litigation that some or all of the material covered by the subpoena or order is subject to this

15  agreement. Such notification shall include a copy of this agreement; and

16  (c) cooperate with respect to all reasonable procedures sought to be pursued by the

17  designating party whose confidential material may be affected.

18  8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19  If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

20  material to any person or in any circumstance not authorized under this agreement, the receiving

21  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

22  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

23  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

PROPOSED STIPULATED ORDER (2:17-CV-01357-JLR) -- Page 7

Peter S. Holmes
Seattle City Attorney
701 5ᵗʰ Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

2  Bound" that is attached hereto as Exhibit A.

3   9.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

4      MATERIAL

5      When a producing party gives notice to receiving parties that certain inadvertently produced

6  material is subject to a claim of privilege or other protection, the obligations of the receiving parties

7  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

8  modify whatever procedure may be established in an e-discovery order or agreement that provides

9  for production without prior privilege review. The parties agree to the entry of a non-waiver order

10 under Fed. R. Evid. 502(d) as set forth herein.

11   10. NON-TERMINATION AND RETURN OF DOCUMENTS

12     Within 60 days after the termination of this action, including all appeals, each receiving party

13 must return all confidential material to the producing party, including all copies, extracts and

14 summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

15     Notwithstanding this provision, counsel are entitled to retain one archival copy of all

16 documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition

17 and trial exhibits, expert reports, attorney work product, and consultant and expert work product,

18 even if such materials contain confidential material.

19     The confidentiality obligations imposed by this agreement shall remain in effect until a

20 designating party agrees otherwise in writing or a court orders otherwise.

21

22

23

PROPOSED STIPULATED ORDER (2:17-CV-01357-JLR) – Page 8

Peter S. Holmes
Seattle City Attorney
701 5ᵗʰ Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: August 13, 2018             *s/ Brenda Bannon*
                                             Attorney for Defendant Dornay

4

5                                                *s/ Ghazal Sharifi*
                                               Attorney for Defendants Thomas and

6                                                the City of Seattle

7

   DATED: August 13, 2018             *s/ Jesse Valdez*

8                                                Attorney for Plaintiff

9

       PURSUANT TO STIPULATION, IT IS SO ORDERED

10

       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

11

documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

12

in any other court, constitute a waiver by the producing party of any privilege applicable to those

13

documents, including the attorney-client privilege, attorney work-product protection, or any other

14

privilege or protection recognized by law.

15

16    DATED: *August 13, 2018*

17                                JUDGE JAMES L. ROBART
                               United States District Court Judge

18

19

20

21

22

23

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1

## EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of _____ [print or type full

4

address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated

5

Protective Order that was issued by the United States District Court for the Western District of Washington

6

on [date] in the case of, *Price-Holt v. Dornay et al.* Case No. 2:17-CV-01357-JLR. I agree to comply with

7

and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

8

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

9

promise that I will not disclose in any manner any information or item that is subject to this Stipulated

10

Protective Order to any person or entity except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the Western District

11

of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

12

enforcement proceedings occur after termination of this action.

13

14

Date: _____

15

City and State where sworn and signed: _____

16

17

Printed name: _____

18

Signature: _____

19

20

21

22

23

**CERTIFICATE OF SERVICE**

PROPOSED STIPULATED ORDER (2:17-CV-01357-JLR) – Page 10

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1

2
     I hereby certify that on August 13, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

3

4
***Attorney for Plaintiff:***

5
James Bible, WSBA #33985
JAMES BIBLE LAW GROUP
14205 SE 36th Street, Suite 100

6
Bellevue, WA  98006

7
***Co-Counsel for Plaintiff:***

8
Jesse Valdez, WSBA #35378
Valdez Lehman, PLLC

9
600 108th Avenue NE, Suite 347
Bellevue, WA  98004

10

11
***Attorney for Defendant Zsolt Dornay:***

12
Brenda Bannon, WSBA #17962
KEATING BUCKLIN & MCCORMICK, INC., P.S.
801 Second Avenue, Suite 1210

13
Seattle, WA  98104

14

15
     DATED this 13th day of August, 2018.

16
_s/ Jennifer Litfin_
Jennifer Litfin, Legal Assistant

17

18

19

20

21

22

23

PROPOSED STIPULATED ORDER (2:17-CV-01357-JLR) – Page 11

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200