UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALANZO PRICE-HOLT,<br><br>        Plaintiff,<br>  v.<br><br>ZSOLT DORNAY, et al.,<br><br>        Defendants. | CASE NO. C17-1357JLR<br><br>ORDER AWARDING<br>ATTORNEYS' FEES |

## I. INTRODUCTION

Before the court is Plaintiff Alonzo Price-Holt's petition for attorneys' fees and costs. (Pet. (Dkt. # 23).) Defendant City of Seattle ("the City") opposes the petition in part. (*See* Resp. (Dkt. # 27).)[1] The court has considered the parties' submissions in support of and in opposition to the petition, the relevant portions of the record, and the

//

---

[1] The City is the only remaining Defendant in this case. (11/02/18 Order (Dkt. # 21).)

applicable law. Being fully advised,[2] the court GRANTS in part and DENIES in part Mr. Price-Holt's petition.

## II. BACKGROUND

The underlying case involved claims brought pursuant to 42 U.S.C. § 1983, arising out of alleged misconduct by Seattle police officers. (*See generally* Compl. (Dkt. # 1).) The parties resolved the case through a Rule 68 offer of judgment. (*See* Offer of Judgment (Dkt. # 20)); Fed. R. Civ. P. 68(a) ("[A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."). Pursuant to the offer, Mr. Price-Holt took judgment against the City "for the total sum of One Hundred Thousand and One Dollars ($100,001.00), plus reasonable costs and attorneys' fees that have accrued in this case up to the date of this offer." (Offer of Judgment at 1-2.) Mr. Price-Holt now petitions the court for his reasonable attorneys' fees and costs. (*See generally* Pet.) The City does not dispute that Mr. Price-Holt is entitled to fees, but it takes issue with his attorneys' hourly rates and some of the requested fees. (*See generally* Resp.)

## III. ANALYSIS

An award of attorneys' fees is within the court's discretion. *See Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007) ("This court grants 'considerable deference' to a district court's determination as to what hours are 'excessive, redundant,

---

[2] The parties request oral argument on the petition (*see* Pet. at 1; Resp. at 1), but the court concludes that oral argument would not be helpful to its disposition of the petition, *see* Local Rules W.D. Wash. LCR 7(b)(4).

or otherwise unnecessary.'") (citation omitted); *see also* 42 U.S.C. § 1988(b) (granting the court discretion to award reasonable attorneys' fees to a party that prevails in an action under 42 U.S.C. § 1983). To determine reasonable attorneys' fees, the court first considers the "lodestar" calculation, which is obtained by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The district court can then adjust this fee by any "*Kerr* factors" the court finds relevant. *See McGrath v. Co. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)); *see also Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016). Pursuant to *Kerr*, the court can consider: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 69-70. Only relevant factors must be considered. *Id.* Mr. Price-Holt does not ask for any adjustment to the lodestar based on the *Kerr* factors. (*See* Pet.)

//

//

## A. Hourly Rates

Mr. Price-Holt's attorneys, James Bible and Jesse Valdez, each request a $500.00 hourly rate. (Bible Decl. (Dkt. # 25) ¶ 19; Valdez Decl. (Dkt. # 24) ¶ 9.) The City challenges these rates. In civil rights cases, such as the present case, the hourly rate for the successful attorney is the "prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The prevailing local rate is "calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Id.* at 1114. The court also relies on its own knowledge and experience in determining what rate is reasonable. *See Salyer v. Hotels.Com GP, LLC*, No. C13-1966RSL, 2015 WL 3893079, at *2 (W.D. Wash. June 23, 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

The City disputes the requested $500.00 hourly rate based on fee awards in similar cases as well as Mr. Bible's and Mr. Valdez's experience. (*See* Resp. at 8-10.) The City points to a number of civil rights cases where the court awarded well below $500.00 per hour to attorneys with more experience. (*Id.*) For example, in *Morales v. Fry*, No. C12-2235JCC, 2014 WL 12029285 (W.D. Wash. Dec. 19, 2014), an attorney with 33 years of experience, whose career was almost entirely devoted to representing plaintiffs on police misconduct or employment discrimination matters, and who had recently received fee awards of $750.00 per hour, requested a $500.00 hourly rate. *Id.* at *4. The court, however, determined that a $370.00 hourly rate was reasonable. *Id.* The City also

cites *Thomas v. Cannon*, No. C15-5346BJR, 2018 WL 1517662 (W.D. Wash. Mar. 28, 2018), where an attorney received his requested hourly rate of $425.00 for work on a civil rights case. *Id.* at *4. The attorney in *Thomas* had practiced law for an amount of time similar to both Mr. Valdez and Mr. Bible, and focused on civil rights law. (*See* Sharifi Decl. (Dkt. # 27) ¶ 24, Ex. 5 at 2.)

Mr. Bible has been a practicing attorney since 2003. (Bible Decl. ¶ 2.) He has extensive experience in litigation and civil rights law and has won awards for his work. (*See id.* ¶¶ 2-6, 9, 12.) Mr. Bible also recently received an hourly rate of $500.00 for his work in a civil rights case arising out of a confrontation with City of Federal Way police officers. *See Hunter v. Durell*, No. C16-1445MJP (W.D. Wash. 2018), Dkt. # 141 at 5. Just as the court in *Hunter* determined, the court finds that Mr. Bible's requested hourly rate of $500.00 is reasonable in light of his experience, skill, and reputation, as well as the issues presented in the present case.

Mr. Valdez has been a practicing attorney since 2004. (Valdez Decl. ¶ 3.) His law practice focuses on bankruptcy, estate planning, corporations, taxation, creditor and debtor, real estate, and commercial litigation. (*See id.* ¶¶ 3; Sharifi Decl. ¶ 26, Ex. 7 at 2.) Mr. Valdez has not been involved in many civil rights cases. (Valdez Decl. ¶ 5.) Mr. Valdez claims that he has earned a $500.00 hourly rate in several cases, but none of these cases involved civil rights issues, and it is not clear whether he was awarded these fees by a court or whether he received these fees from his clients. (*Id.* ¶ 6 ("I have earned $500.00 or more an hour in several of these cases.").) In light of Mr. Valdez's experience, skill, and reputation, as well as the issues presented in the present case, the

court finds that an hourly rate of $325.00 is reasonable. *See Morales*, 2014 WL 12029285, at *4 (reducing hourly rate to $370.00 for an attorney with 33 years of experience, whose career focused on police misconduct matters).

**B.  Hours Billed**

The fee applicant has the burden of documenting the hours spent in litigation and must submit evidence to support those hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed." *Wingate v. Whitlatch*, No. C15-0822RAJ, 2017 WL 1710945, at *2 (W.D. Wash. May 3, 2017) (citation omitted). To determine the number of hours to be compensated, the court starts with the prevailing counsel's billing records, and "then makes deductions for hours that were not reasonably billed, such as those that are 'excessive, redundant, or otherwise unnecessary.'" *Wilbur v. City of Mt. Vernon*, No. C11-1100RSL, 2014 WL 11961980, at *3 (W.D. Wash. Apr. 15, 2014) (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202-03 (9th Cir. 2013)). The City seeks reductions in Mr. Bible's and Mr. Valdez's requested hours for pre-litigation activities, block-billing, clerical and duplicative tasks, and for fees accrued after the offer of judgment. (*See* Resp. at 4-8.)

    1. Pre-litigation Activities

"The time spent that is compensable under § 1988 is that reasonably expended *on the litigation*." *Wilbur*, 2014 WL 11961980, at *4 (quoting *Webb v. Bd. of Educ. of Dyer Cty.*, 471 U.S. 234, 242 (1985)) (internal quotations omitted). Thus, although hours spent on pre-filing activities are expected and reasonably billed because counsel must be able

to investigate the case, generalized research that is unrelated to the case is not expended "on this litigation." *Id.* In reviewing Mr. Bible's and Mr. Valdez's time entries, the court finds that all of their pre-litigation activities were reasonably expended on this litigation. (*See* Valdez Decl. ¶ 9, Ex. A ("Valdez Time Sheet") at 1; Bible Decl. at 7-8.) The court does not reduce their time entries on this basis.

    2. Block-Billing

Block-billing is "the method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro. Life. Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (citation omitted). Block-billing makes it difficult for the court to determine "how much time was spent on particular activities." *Id.* at 948. The Ninth Circuit has approved reducing by 20% "hours that were actually billed in block format." *Id.* The City asks for this 20% reduction for Mr. Bible's and Mr. Valdez's block-billed entries. (Resp. at 4-6.)

The City incorrectly labels Mr. Bible's entries as block-billed. (*Id.* at 5-6.) For example, the City claims that Mr. Bible's June 21, 2017, 2.00-hour time entry for "completed tort claim" is block-billed. (*Id.*; Bible Decl. at 7.) That is not correct. This entry, as well as Mr. Bible's other entries, are properly itemized such that the court can determine how much time Mr. Bible spent on completing the labeled task. (*See* Bible Decl. at 7-8.) In fact, when Mr. Bible worked on more than one item in a day, he separated the entries appropriately. (*See, e.g., id.* at 8 (separate entries on September 10, 2018, for "email to opposing counsel[] scheduling depositions and examinations" and for

//

"discovery review").) The court therefore does not reduce Mr. Bible's hours on this basis.

However, many of Mr. Valdez's entries are block-billed. For example, on April 13, 2018, Mr. Valdez submitted a 3.00-hour time entry that stated: "Review responses/answers to Rogs and Request for Production. Travel to Seattle to met [sic] with Mr. Price-Holt. Go over responses/answers with him. Revise and edit answers/responses. Travel back from Seattle to Bellevue." (Valdez Time Sheet at 2.) Based on this entry, and others like it, the court is unable to determine how much time Mr. Valdez spent completing each task. The court finds that 28.90 hours of Mr. Valdez's entries that the City disputes are block-billed. (*See* Sharifi Decl. ¶ 19.) The court therefore reduces these entries by 20%. This amounts to a reduction of 5.78 hours.

        3. <u>Clerical Tasks</u>

The City objects to Mr. Valdez's entries that reflect clerical tasks. (Resp. at 6.) "Experienced lawyers should not bill for tasks properly performed by legal assistants or paralegals." *Wingate*, 2017 WL 1710945, at *2. The court agrees that some of Mr. Valdez's time entries reflect clerical tasks, such as his May 30, 2018, entry: "Study and review e-mail from Ms. Nakata re: ROGS in word format. Prepare e-mail and attach ROGs in word format." (Valdez Time Sheet at 2.) The court finds that 1.10 hours of Mr. Valdez's entries that the City disputes reflect clerical work. (*See* Sharifi Decl. ¶ 20.) The court therefore reduces Mr. Valdez's entries by 1.10 hours.

//

//

4. Duplicative Tasks

The City objects to Mr. Bible's and Mr. Valdez's entries that reflect duplicative work. (Resp. at 6-7.) Specifically, the City points to entries on May 1, 2018, that show that both attorneys worked on discovery, and entries on September 14, 2018, that show that both attorneys met with Mr. Price-Holt at the same time regarding settlement. (*Id.*) Contrary to the City's contention, the May 2018 entries show that Mr. Bible and Mr. Valdez worked on separate tasks. (*See* Valdez Time Sheet at 2 ("Draft and prepare Interrogatories and Request for Production"); Bible Decl. at 1 ("review of portions of discovery").) Moreover, the fact that both attorneys met with their client at the same time for no more than 2.00 hours (*see* Valdez Time Sheet at 4; Bible Decl. at 1) is not grounds for discounting their hours, *see Wilbur*, 2014 WL 11961980, at *3 (explaining that "some duplication is necessary to produce top notch work product and to achieve success in the litigation"). The court concludes that no time should be reduced on this basis.

5. Fees Related to Work After the Offer of Judgment

The City argues that Mr. Bible and Mr. Valdez should not receive fees for work done after the City extended the offer of judgment on October 23, 2018. (Resp. at 7-8.) According to the City, the offer was clear and unambiguous that, in addition to the $100,000.00 payment, Mr. Price-Holt could receive "reasonable costs and attorneys' fees that have accrued in this case up to the date of this offer." (*Id.*; Offer of Judgment at 1-2.) Generally, "time spent in establishing entitlement to an amount of fees awardable under section 1988 is compensable." *See Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir.

//

1995) (citation omitted). But these fees are not recoverable when the settlement offer is clearly and unambiguously conditioned upon the waiver of such fees. *Id.*

For example, the settlement offer in *Guerrero* limited recoverable fees and costs to those "incurred by this plaintiff prior to the date of this offer . . . ." *Id.* The *Guerrero* court found that this clause clearly and unambiguously limited fees to those incurred before the offer. *Id.* As a result, the *Guerrero* court held that the plaintiffs waived any attorneys' fees that accrued after the date the settlement offer was made.

The clause at issue here—"reasonable costs and attorneys' fees that have accrued in this case up to the date of this offer" (Offer of Judgment at 1-2)—is similar to the one in *Guerrero*. The court concludes that this clause is clear and unambiguous that, by accepting the offer of judgment, Mr. Price-Holt waived recovering fees and costs that accrued after the City made the offer. Therefore, Mr. Bible and Mr. Valdez cannot recover fees and costs that they incurred after October 23, 2018. This results in a 15.80-hour reduction for Mr. Valdez (*see* Valdez Time Sheet at 6-7; Sharifi Decl. ¶ 21) and a 0.70-hour reduction for Mr. Bible (*see* Bible Decl. at 8; Sharifi Decl. ¶ 22).

**C. Attorneys' Fees Calculation**

Mr. Price-Holt requests attorneys' fees for Mr. Bible's 75.70 hours of work and Mr. Valdez's 88.80 hours of work. (Pet. at 6; Valdez Time Sheet ¶ 9; Bible Decl. at 8.) As explained above, the court reduces Mr. Bible's time entries by 0.70 hours to equal 75.00, *see supra* § III.B.5, and Mr. Valdez's time entries by 22.68 hours to equal 66.12 hours, *see supra* §§ III.B.2, III.B.3, III.B.5. Using the lodestar method, the court finds that Mr. Price-Holt's attorneys are entitled to the following fees:

- Mr. Bible: $500.00 hourly rate * 75.00 hours = $37,500.00.
- Mr. Valdez: $325.00 hourly rate * 66.12 hours = $21,489.00.
- Total = $58,989.00.

**D.     Costs**

Mr. Price-Holt titled his petition as a petition for "attorneys' fees and costs" (Pet. at 1), but he does not request reimbursement for any costs (*see generally id.*). The court therefore DENIES this request as moot.

### IV.     CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Mr. Price-Holt's petition. Specifically, the court GRANTS Mr. Price-Holt an attorneys' fees award of $58,989.00 and DENIES Mr. Price-Holt an award of costs.

Dated this 17th day of January, 2019.

JAMES L. ROBART
United States District Judge